32095.   LONDON *et al. v.* JACOBS.

DECIDED JULY 7, 1948.   REHEARING DENIED JULY 26, 1948.

*Herbert J. Haas, Joseph F. Haas*, for plaintiffs in error.
*William A. Thomas*, contra.

TOWNSEND, J.   (After stating the foregoing facts.)   ■   Material to the decision here is the question of whether, at the time

of the execution of a retention-of-title contract by which a conditional sale of personal property is effected, and the contract price exceeds that of the O.P.A. ceiling, the title passes to the vendee upon the payment of a sufficient number of installments to equal the maximum price fixed by the O.P.A., or whether the title to the property continues to vest in the vendor until the contract price is paid. This exact question does not appear to have been heretofore passed upon by either of our appellate courts. However, in Scott Furniture Co. v. Maurer, 208 Ark. 604 (187 S. W. 2d, 185), it is held that where in a retention-of-title contract for a refrigerator the vendee had paid more than the ceiling price fixed by the O.P.A., but had not paid all the contract price, he could not be required to make additional payments.

In Long Island Structural Steel Co. v. Schiavone-Bonomo Corp., 53 Fed. Supp. 505, 506, it is said: "When the amendment reducing the maximum price went into effect, plaintiff was in a dilemma. However, it did have a remedy. By virtue of the O.P.A. regulation, the contract could not be carried out according to its terms. The price at which the goods were to be sold, as at the time of the delivery, was as much of the essence of the contract as any of the other provisions and controlling public policy barred delivery at that price. By act of government there was complete frustration of performance excusing the seller from performance as a matter of law. Matter of Kramer & Uchitelle, Inc., 288 N. Y. 467, 43 N. E. 2d, 493 [141 A. L. R. 1497]; Sanders v. M. Lowenstein & Sons, Inc., 289 N. Y. 702, 45 N. E. 2d, 457." This case was affirmed by the Second U. S. Circuit Court of Appeals. See Long Island Structural Steel Co. Inc., v. Schiavone-Bonomo Corp., 142 Fed. 2d, 557.

In Foster & Co. v. Bowles, 144 Fed. 2d, 870, 873, it is said: "It is settled that private contracts executed prior to the passage of the Emergency Price Control Act will not be allowed to impede the proper execution of the Administrator's duties. A fortiori where, as in this case, the contracts were executed subsequent to the passage of the act with knowledge that they might conflict with the execution of the Administrator's duties, such contracts must give way to the public interest when the necessity arises. In the case before us the necessity arose to change the regulation in order to bring about effective price control and complainant's contracts must yield to this necessity."

In Huber *v*. Ruby, 187 Misc. 967 (65 N. Y. Supp. 2d, 462), it is held that rent regulations are a part of every lease contract the same as if expressed therein.

In order to give full effect to the O.P.A. ceiling price regulations our courts must hold that where at the time of the execu· tion of a retention-of-title contract by which a conditional sale of personal property is effected, and the contract price exceeds that of the O.P.A. ceiling, the title passes to the vendee upon the payment of a sufficient number of installments to equal the maximum price fixed by the O.P.A., notwithstanding the vendee may then be in arrears according to the terms of the contract to such extent as to entitle the vendor to repossess the property, but for the O.P.A. regulation. Where the contract price exceeds the O.P.A. ceiling price, the latter becomes a part of the contract the same as if expressed therein, and by operation of law is substituted for the excessive contract price.

The effect of this ruling is to hold the general grounds of the motion for a new trial and special grounds 4 and 5 of the amended motion to be without merit.

■ By special ground 6 of the amended motion for a new trial, the defendants contend that the verdict for $500 is excessive as being without evidence to support it. The plaintiff testified that at the time of the conversion of his truck its reasonable market value was $600.

The verdict is supported by the evidence, and the judgment of the trial court overruling the motion for a new trial is without error.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*